IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BERLON BREAZEALE                                                                                         PLAINTIFF

V.                                                                        CIVIL ACTION NO. 4:13-CV-00119-SA-JMV

RONALD C. YOUNG; HAL JOHNSON;
TERMINIX INTERNATIONAL, INC.;
TERMINIX INTERNATIONAL OF DELAWARE, INC.;
THE TERMINIX INTERNATIONAL COMPANY
LIMITED PARTNERSHIP; FICTICIOUS PARTIES
JOHN DOES 1-10 AND CORPORATE LLP'S
AND LLC'S JOHN DOES 11-20                                                                      DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Remand [12]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Berlon Breazeale commenced this suit in the Circuit Court of Humphreys County, Mississippi, seeking to recover damages related to the purchase of a termite protection plan. On July 21, 2011, Breazeale entered into a contract with the Terminix Defendants wherein he agreed to pay $1070.00 for an initial treatment of his home against termites and which would be renewed annually upon payment of a renewal fee in the amount of $205.44. Breazeale alleges that prior to signing the contract with Terminix, Ronald Young orally represented to him that Terminix would re-treat his home and repair any damage should live termites later be found, provided the contract was in effect at the time. Breazeale paid the initial $1070.00 fee and Terminix treated his home against termites.

Breazeale notified Terminix in April 2012 of the presence of live termites and requested that Terminix re-treat his home and pay for the damages caused by the termites. Terminix sent a

representative to Breazeale's home who confirmed the presence of live termites. However, Terminix did not pay for any related damage to the property. Breazeale brought suit against Defendants on March 22, 2013 seeking compensatory and punitive damages. Defendants removed [1] to this Court on the basis of diversity jurisdiction claiming Ronald Young and Hal Johnson, the only in-state defendants, were improperly joined. Breazeale has filed a Motion to Remand [12].[1]

*Standard*

Federal courts are courts of limited jurisdiction. <u>Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1</u>, 665 F.2d 594, 595 (5th Cir. 1982). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759, 761 (5th Cir. 2000).

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."

---

[1] Prior to the Court's ruling on his Motion to Remand [12], Plaintiff simultaneously filed a Motion to Dismiss [19] the in-state defendants and a Motion to Withdraw [18] his Motion to Remand on the basis that complete diversity would exist among the parties should the Court grant his Motion to Dismiss. However, as Plaintiff filed his Motion to Dismiss after Defendants filed their answer to his state court complaint and no stipulation of dismissal signed by all parties has been filed, the Court must treat such motion as falling under Federal Rule of Civil Procedure 41(a)(2) rather than Rule 41(a)(1), which affords plaintiffs an "absolute right" to dismissal of a claim. <u>Carter v. U.S.</u>, 547 F.2d 258, 259 (5th Cir. 1977). As another Mississippi district court explained in <u>Harden v. Field Mem'l Cmty. Hosp.</u>, Rule 41(a)(2) motions may only be ruled on after the Court has determined that it has subject matter jurisdiction. 516 F.Supp.2d 600, 605 (S.D. Miss. 2007), aff'd, 265 F. App'x 405 (5th Cir. 2008). As Plaintiff's Motion to Withdraw is premised solely on the Court's granting of his Motion to Dismiss, the Court is likewise bound to first address the issue of subject matter jurisdiction.

Smallwood v. Ill. Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004). As the Fifth Circuit has stated, "where an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) (internal citations omitted). Further, where, as in the case at bar, "there have been allegations of 'fraudulent joinder,' it is clear that the burden is upon the removing party to prove the alleged 'fraud.'" Id. (internal citations omitted).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[T]he threshold question for [the Court] is whether 'there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007) (quoting Smallood, 385 F.3d at 573). The Court's analysis is not to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but [to] look only for a possibility that the plaintiff might do so." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308-09 (5th Cir. 2005). "This possibility, however, must be reasonable, not merely theoretical." Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002).

"[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (internal citations omitted). Moreover, the Fifth Circuit has held that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000)).

*Analysis and Discussion*

Defendants argue that Plaintiff has alleged only a breach of contract claim and has failed to allege any duty on the part of the in-state defendants that is not related to the contract at issue.[2] Mississippi law is well settled that an authorized agent acting on behalf of a disclosed principal is not personally liable for a breach of duty or contract by the principal. See Thompson v. Nationwide Mut. Ins. Co., 971 F. Supp. 242, 243 (N.D. Miss. 1997); Gray v. U.S. Fid. & Guar., 646 F. Supp. 27, 29 (S.D. Miss. 1986); Gray v. Edgewater Landing, Inc., 541 So. 2d 1044, 1047 (Miss. 1989); Thames & Co. v. Eicher, 373 So. 2d 1033, 1035 (Miss. 1979). Whereas it is undisputed that Young and Johnson were not parties to the contract, but were merely agents acting for a disclosed principal, there is no reasonable basis for the Court to predict that Plaintiff would be able to maintain such claims against them.

However, "an agent for a disclosed principal can be held personally liable for his own tortious acts committed within the scope of his employment." Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000).

> [A]n agent . . . merely because of his relationship as an agent . . . or because of the additional fact that he has acted at the direction or command of his employer, cannot escape or exempt himself from liability to a third person for his own negligence or his own positive wrongs, such as . . . fraud or misrepresentation . . . or other form of tortious conduct.

Id. at 248 n. 7 (emphasis removed) (quoting 3 AM. JUR. 2D *Agency* § 300 (1962)). To be personally liable, an agent must "directly participate[] in or authorize[] the commission of a tort . . . ." Miss. Printing Co., Inc. v. Maris, W. & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986). In other words, "the agent must commit 'individual wrongdoing.'" Estate of Gibson ex rel. Gibson

---

[2] Defendants recognize in their response that Plaintiff's complaint also arguably alleged the cause of action of bad faith refusal to pay an insurance claim. However, Defendants contend this cause of action is unavailable to Plaintiff because the contract at issue was not an insurance policy. The Court need not address this additional cause of action here as neither of the in-state defendants, as Terminix employees, would be liable for such a claim.

4

v. Magnolia Healthcare, Inc., 91 So. 3d 616, 624 (Miss. 2012) (citing Turner v. Wilson, 620 So. 2d 545, 548 (Miss. 1993)).

In his state court complaint, Plaintiff specifically alleges that Young and Johnson are individually liable "for their bad faith actions of misrepresenting to Berlon that Terminix would pay for termite damage to Berlon's home in the event live termites were found . . . after it was initially treated by Terminix." Plaintiff further alleges Young and Johnson "knew that Terminix would not pay for termite damages to Berlon's home . . . ." In addition to the allegations lodged against Young and Johnson jointly, Plaintiff alleges Young orally represented to him that Terminix would pay for future termite damage free of cost when he met with Plaintiff at his house to sell him the termite protection plan at issue. Plaintiff alleges he signed the contract after Young made such oral representations.[3]

To sustain a claim for fraudulent misrepresentation, Mississippi law requires Plaintiff to show: "(1) a representation (2) that is false (3) and material (4) that the speaker knew was false or was ignorant of the truth (5) combined with the speaker's intent that the listener act on the representation in a manner reasonably contemplated (6) combined with the listener's ignorance of the statement's falsity (7) and the listener's reliance on the statement as true (8) with a right to rely on the statement, and (9) the listener's proximate injury as a consequence." Moran v. Fairley, 919 So. 2d 969, 975 (Miss. Ct. App. 2005). Given the allegations of Plaintiff's complaint, the Court cannot say that Plaintiff would have no possibility of recovery for fraudulent misrepresentation against either of the in-state defendants.

---

[3] Plaintiff makes no additional allegations of specific representations made to him by Johnson. The Court recognizes that, absent such particularized factual allegations, it is arguable Plaintiff would have no possibility of recovery against Johnson in state court. Nevertheless, the Court need not make such a determination. Whereas the Court finds Young, the other in-state defendant, was not improperly joined, complete diversity does not exist among the parties and the Court lacks subject matter jurisdiction.

Defendants argue that Plaintiff cannot recover for any alleged oral representations because he had a duty to read the contract. See Jabour v. Life Ins. co. of N. Am., 362 F. Supp. 2d 736, 741 (S.D. Miss. 2005) ("The Mississippi Supreme Court counsels that a person is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.") (internal quotations omitted). However, Defendants fail to further explain what provisions of the contract would have placed Plaintiff on notice that the alleged oral representations of its agent were false. Further, Mississippi has long recognized an exception to the general duty to read a contract where the injured party was induced to enter the contract by fraudulent representations. Anderson v. Equitable Life Assur. Soc. of U.S., 248 F. Supp. 2d 584, 591 (S.D. Miss. 2003) (collecting cases). Accordingly, the Court finds Defendants have failed to meet their burden of proving the in-state defendants were improperly joined, and as such, this matter must be remanded to the Circuit Court of Humphreys County, Mississippi.

*Conclusion*

For the foregoing reasons, the Court finds the parties are not completely diverse, and the Court therefore lacks subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand [12] is GRANTED. A separate order to that effect shall issue this day.

SO ORDERED on this, the 10th day of October, 2013.

    /s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**